UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01299-AH-(PDx) | Date | April 16, 2025 |
| Title | *Delia Escatel v. Ryder System, Inc. et al.* | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 10)**

Plaintiff Delia Escatel ("Plaintiff") moves to remand this case to the Los Angeles County Superior Court. Mot. to Remand, Dkt. No. 10. Defendants Ryder System, Inc. ("Ryder") and TPE Acquisition, LLC ("TPE") (collectively, "Defendants") oppose the Motion to Remand ("Motion"). Opp'n, Dkt. No. 11. The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearing scheduled for April 16, 2025 is hereby vacated. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.[1]

---

[1] The motion does not contain a certification of proper compliance with Local Rule 7-3. The Court admonishes Plaintiff for failing to comply with the Local Rules and this Court's Standing Order. In the future, failure to properly comply with relevant rules may result in the Court striking a motion. The Court further notes that even if it is clear that the parties will not agree to the relief sought, they must still thoroughly discuss the basis of their respective positions, so that the subsequent briefing is complete and helpful to the Court.

## I. BACKGROUND

Plaintiff filed a Complaint against Defendants on February 16, 2024 in the Los Angeles County Superior Court, No. 24STCV04109. *See generally* Compl., Dkt. No. 1-4. Plaintiff brought claims for sexual harassment, discrimination, retaliation, negligent supervision, and violation of the California Equal Pay Act, Labor Code § 1197.5. *See generally id.* The Complaint seeks special damages, equitable remedies, punitive damages, attorneys' fees, and other forms of relief. *See id.* at Prayer for Relief. Asserting diversity jurisdiction, Defendants removed the case to federal court. Notice of Removal ("NOR"), Dkt. No. 1.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* at §§ 1331, 1332(a). "Where…it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

## III. DISCUSSION

The parties dispute whether the parties are completely diverse and whether the amount in controversy exceeds the jurisdictional threshold. Additionally, Plaintiff argues that Defendants demonstrated an intent to forego a federal forum and therefore waived their removal rights.

### A. Complete Diversity

Plaintiff argues that "the only factual support Defendants provide to establish Plaintiff's citizenship is that she was a resident of California and that she was employed in City of Industry, California." Mot. at 5-6. "At minimum, a person's residence constitutes some evidence of domicile." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). "[C]ourts in the Central District . . . have found that diversity jurisdiction exists based on allegations of residency… consistent with the rule that, for purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship." *Pulcini v. Ford Motor Co.*, 2024 WL 4836469, at *3 (C.D. Cal. Nov. 19, 2024); *see also Ervin v. Ballard Marine Constr., Inc.*, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016) ("diversity jurisdiction exists based on assertions of residence, absent evidence about domicile to the contrary").

The Complaint alleges that Plaintiff "is an individual residing in the County of Los Angeles, State of California." Compl. ¶ 1. Although Plaintiff argues that her "employment with Defendants ended nearly three years ago," she does not deny that she is still a resident of California or provide evidence to the contrary. *See* Mot. at 4-6. The Court finds this information sufficient to establish that Plaintiff is domiciled in California. Accordingly, the Court finds that Plaintiff is a citizen of California for the purposes of diversity jurisdiction.

When determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, a limited liability company or "LLC" "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendants establish that (1) "Ryder System, Inc. is incorporated in the state of Florida, with both its corporate headquarters and principal places of business located in Coral Gables, Florida;" and (2) "TPE Acquisition, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Coral Gables, Florida." NOR ¶ 27, 29. Additionally, Defendants provide evidence that none of the owners of TPE

Acquisition, LLC are citizens of California.[2] Opp'n at 4-5. Plaintiff's attempt to defeat diversity through reference to an unrelated entity that ceased doing business in California in 2020 fails. *See* Mot. at 6-7; Opp'n at 5. Furthermore, Defendant Rojo was not a party to this action at the time of removal, nor is currently a party, so the Court declines to consider arguments concerning his hypothetical joinder. Thus, for the purposes of diversity jurisdiction Defendants are not citizens of California.

Accordingly, complete diversity jurisdiction exists.

### B. Amount in Controversy

Plaintiff next argues that the amount in controversy does not exceed $75,000. Defendants calculate Plaintiff's past wages based on her "hourly rate of $16.50, assuming 40 hours per week for 148 weeks from the date of separation to removal," which equals $97,680.[3] NOR ¶ 38. Plaintiff argues that "Defendants'

---

[2] Plaintiff argues that Defendants "have not provided sufficient factual support or documentation regarding the citizenship of all members of Defendant TPE Acquisition LLC" in the NOR. Mem. at 6-7. On its face, the NOR was sufficient. Moreover, in response to Plaintiff's arguments, Defendant provided additional information in its Opposition. *See* Opp'n at 4-5. The Court considers evidence Defendants submitted in both the NOR and the Opposition to come to its conclusion that diversity jurisdiction exists. *See Alvarado v. Fca US, LLC*, 2017 WL 2495495, at *5 n. 5 (C.D. Cal. June 8, 2017) ("Defendant may…submit evidence of the parties' citizenship in an opposition to a motion to remand and satisfy its burden."); *see also Lytle Dev. Joint Venture, II v. Starbucks Corp.*, 2009 WL 10675952, at *2 (C.D. Cal. July 27, 2009).

[3] Plaintiff argues that "Defendants assume Plaintiff worked 40 hours per week during that entire period" and "do not provide any actual evidence supporting that contention, even though it claims the calculation is based on Plaintiff's payslips." Reply at 7. Plaintiff does not offer the number of hours she worked, but instead challenges that Defendants did not provide sufficient evidence. *See id.* Additionally, Plaintiff did not raise this issue until the Reply, despite being on notice of the 40-hour calculation at the time she filed her Motion to Remand. Accordingly, the Court finds that it is reasonable to assume that Plaintiff worked 40 hours per week. *See Pemberton v. Longs Drug Stores California, L.L.C.*, WL 4251950, at *5-*6 (E.D. Cal. July 24, 2020).

calculations do not factor in Plaintiff's mitigation" of securing new employment, and therefore the past wages calculation should be decreased. Mot. at 7-8.

However, binding precedent in the Ninth Circuit instructs against considering affirmative defenses such as mitigation in determining the amount in controversy. *See Greene v. Harley-Davidson,* 965 F.3d 767, 774 (9th Cir. 2020) ("The district court erred in considering the merits of [Defendant's] affirmative defense to determine the amount in controversy."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."). "[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction." *Jackson v. Compass Grp. USA, Inc.*, 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) (internal citations and quotations omitted). "[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). Accordingly, Plaintiff's mitigation argument is not relevant to the amount in controversy calculation.

The Court finds that the amount in controversy with respect to Plaintiff's lost wages is $97,680. Because the amount of lost wages alone exceeds $75,000, the Court need not determine the amount in controversy with respect to Plaintiff's other alleged damages and attorney's fees.

### C. Waiver of Removal Rights

Finally, Plaintiff argues that Defendants have waived their rights to remove this case because "Defendants have actively participated in state court proceedings." Mot. at 10. A defendant may "waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995). Such a waiver must be "clear and unequivocal," and generally is not established by actions "short of proceeding to an adjudication on the merits." *Id.* (citation omitted).

Plaintiff argues that "discovery was propounded *after* Defendants were first put on notice that Plaintiff was unable to locate and serve the named Defendant Flavio Rojo." *Id.* Plaintiff, however, intended to continue to try to serve Defendant Rojo as of the Case Management Conference on January 23, 2025, and did not file a Request for Dismissal as to Defendant Rojo until February 11, 2025. NOR ¶¶ 4, 10. Defendants filed their Notice of Removal only three days later on February 14, 2025. *Id.* Even considering Defendants' participation in discovery, a defendant does not "waive its right to remove the action by…engaging in discovery in state court before the action became removable." *Laub v. Kao USA, Inc.*, 2020 WL 4980061, at *2 (C.D. Cal. May 1, 2020).

Accordingly, Defendants timely filed their Notice of Removal after removability was first ascertained, and did not take actions that waived their removal rights.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Remand.

**IT IS SO ORDERED.**